UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEE TOMMIE AMERSON                                                           PLAINTIFF

VERSUS                                       CIVIL ACTION NO. 3:17CV747-TSL-RHW

SHERIFF BILLIE SOLLIE et al                                              DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Plaintiff Lee Tommie Amerson, proceeding *pro se* and *in forma pauperis*, filed a complaint on September 15, 2017, which purported to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. [1]. Plaintiff was a pre-trial detainee at the time he filed his complaint. He provided the Lauderdale County Detention Facility as his address of record. In his initial pleading, Plaintiff challenged the conditions of confinement at the Lauderdale County Detention Facility. Specifically, he alleged that Defendants failed to protect him from assault by other inmates and that they retaliated against him. Because Plaintiff challenges his conditions of confinement and not the fact or duration of his confinement, the undersigned construes Plaintiff's "petition" as a complaint filed pursuant to 42 U.S.C. § 1983.

The Court set this matter for a screening hearing to be held May 15, 2018 at 9:00 am, in Courtroom 6B at the United States Courthouse in Jackson, Mississippi. Doc. [20]. On March 28, 2018, the Court mailed to Plaintiff, at his address of record, a copy of the order setting the hearing. The Court also mailed Plaintiff a notice of hearing. The order and notice were returned as "undeliverable" on April 12, 2018. Doc. [23].

On May 15, 2018, the undersigned conducted the scheduled hearing at the appointed time and place. *See* Minute Entry (5/15/2018). Plaintiff failed to appear. At 10:00 am, the Court announced Plaintiff's case. The undersigned called Plaintiff's name three times in open court,

but with no response. The Courtroom Deputy announced Plaintiff's name three times in the hallway outside the Courtroom entrance, but with no response. Attorney Lee Thaggard, counsel for the Defendants, appeared pursuant to the notice of hearing. Mr. Thaggard informed the Court that he had checked with the Lauderdale County Detention Facility and was told that Plaintiff was not there. The undersigned read into the record email correspondence to the Court from Melissa G. McCarter, Jail Commander at the Lauderdale County Detention Facility. In an email sent on March 29, 2018, McCarter stated that "Mr. Lee Amerson was released from Lauderdale County Detention Facility on 01/26/18. He is no longer in our custody."

Plaintiff's mail from the Court has been returned as undeliverable. Doc. [23]. On multiple occasions, the Court has warned Plaintiff to advise the Court of any change of address and that failure to do so may result in the dismissal of his case. *See* Doc. [3] at 2, Doc. [6] at 3, Doc. [9], Doc. [14] at 2. Despite this warning, there is no indication in the docket that Plaintiff filed a notice to change address subsequent to the filing of his complaint. The Court finds that Plaintiff has failed to maintain a current address of record and failed to appear for a scheduled hearing. Accordingly, the Court concludes that Plaintiff's complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff Lee Tommie Amerson's 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED AND ADJUDGED, this the 16th day of May, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE